UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:22-CR-00101-3-JRG-CRW |
| | ) | |
| CHRISTOPHER LEE PARKER | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Christopher Lee Parker's Objections to Presentence Investigation Report [Doc. 279]. Last year, Mr. Parker pleaded guilty to conspiring to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and to conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h). [Plea Agreement, Doc. 167, at 1]. About two weeks ago, the Court conducted Mr. Parker's sentencing hearing, during which Mr. Parker objected to the United States Probation Office's conclusion that he is not eligible for relief under 18 U.S.C. § 3553(f), known as the "safety valve" provision, which states:

> Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846), section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), or section 70503 or 70506 of title 46, the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that—
>
> (1) the defendant does not have—
>
> > (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
> >
> > (B) a prior 3-point offense, as determined under the sentencing guidelines; and

> > (C) a prior 2-point violent offense, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.
>
> Information disclosed by a defendant under this subsection may not be used to enhance the sentence of the defendant unless the information relates to a violent offense.

18 U.S.C. § 3553(f). Mr. Parker's objection specifically concerns § 3553(f)(2), under which his safety-valve eligibility depends on whether he did or did not possess a firearm in connection with the offenses to which he pleaded guilty. *See id.* § 3553(f)(2) (stating that a defendant is safety-valve eligible if he "did not . . . possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense"). Again, the probation officer did not find that Mr. Parker was safety-valve eligible.

According to the probation officer, police officers responded to a fight outside a Super Eight Motel in Kingsport, Tennessee, and upon arriving at the hotel, spoke with the manager, who told them that the individuals involved in the fight had entered room 206. [PSR, Doc. 274, at 10–11]. The officers knocked on the door to room 206, and Mr. Parker opened it, exposing "a pile of marijuana" on the bed. [*Id.* at 11]. After observing the marijuana in plain sight, the

2

officers entered the room, searched it, and discovered drug paraphernalia and a bag containing two loaded firearms. [*Id.*]. "[A]ll the occupants of the room denied ownership of the bag that contained the firearms." [*Id.*].

At sentencing, Mr. Parker continued to deny possession of the firearms and argued that he satisfied all five safety-valve criteria, including § 3553(f)(2)'s criterion that he not possess a firearm in connection with the offenses to which he pleaded guilty. He highlighted the fact that multiple occupants were present in room 206 and posited that the firearms could have belonged to any one of them. In response, the United States called as a witness Corporal Brandon Johnson of the Kingsport Police Department, from whom the Court heard testimony. Mr. Parker himself elected not to testify and, in fact, presented the Court with no evidence at all.

Under the safety-valve provision, the Court must make a factual finding as to each of the five criteria, and Mr. Parker has the burden of proving by a preponderance of the evidence that he meets all five criteria. *United States v. Reinberg*, 62 F.4th 266, 268 (6th Cir. 2023). A "preponderance of the evidence" means "more likely than not." *United States v. Tolliver*, 949 F.3d 244, 249 (6th Cir. 2020) (citation omitted). In short, the preponderance-of-the-evidence standard requires the party bearing the burden to "'make the scales tip slightly' in [his] favor." *Gjinaj v. Ashcroft*, 119 F. App'x 764, 773–74 (6th Cir. 2005) (quotation omitted); *see Bressler v. Fortune Mag.*, 971 F.2d 1226, 1241 (6th Cir. 1992) (Batchelder, J., dissenting) (noting that the "traditional language of the preponderance of the evidence standard" includes "scales," "balance," and "tip [the scales] in favor" (alterations in original)).

Again, the second criterion of the safety-valve provision states that a defendant, to be eligible for relief under the safety valve, must not have possessed a firearm in connection with the offense. 18 U.S.C. § 3553(f)(2). "Possession [of a firearm] . . . need not be exclusive but may be joint." *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir.1973), *abrogated on other*

3

grounds by *Scarborough v. United States*, 431 U.S. 563 (1977); *see United States v. Martin*, Nos. 21-4019/4081, 2022 WL 17078715, at *4 (6th Cir. Nov. 18, 2022) ("[C]onstructive joint possession allows for multiple people to possess the same residence, and therefore contraband, at the same time." (citing *Craven*, 478 F.2d at 1333; *United States v. Wheaton*, 517 F.3d 350, 367 (6th Cir. 2008))). But when a defendant does not exercise exclusive control over the premises where a firearm is present, "the widely held rule [is] that nonexclusive possession of the premises cannot establish constructive possession over items found within the premises," *United States v. Bailey*, 553 F.3d 940, 944 n.3 (6th Cir. 2009), and "[t]he evidence must show some additional connection between the defendant and the firearm to establish constructive possession," *United States v. Luna-Santillanes*, 554 F. App'x 402, 409 (6th Cir 2014) (citing *id.*); *see United States v. Latimer*, 16 F.4th 222, 225–26 (6th Cir. 2021) ("[W]hen, as here, multiple individuals occupy a residence, we typically require an additional statement or circumstance to connect the defendant to contraband found on the premises." (citations omitted)). "The 'quantum of evidence' needed to make that showing, however, is 'minimal,'" *Latimer*, 16 F.4th at 226 (quotation omitted), and may consist of evidence that the firearm was positioned in a way that allowed the defendant to "easily 'come up with it,'" evidence of a temporal nexus between the defendant's recent settlement in the premises and the presence of the firearm, evidence of the defendant's personal belongings and clothing in the premises, or text messages showing that the defendant had recently possessed a firearm, *id.*

In this case, however, the Court has no occasion to weigh evidence and adjudicate the complicated question of whether Mr. Parker, as one of multiple occupants inside room 206,[1] exercised constructive possession over the firearms because he mounted *no* evidence, neither

---

[1] Although multiple occupants were present in room 206, Mr. Parker arguably exercised exclusive control over the room because it "was rented by [him]." [PSR at 11].

4

direct nor circumstantial, to show that he meets the safety-valve criteria. Again, the burden was Mr. Parker's to show by a preponderance of the evidence that he did not possess the firearms under § 3553(f)(2)—which was the lone issue before the Court—and yet he refused to testify. He called no witnesses to testify on his behalf, either. He filed no affidavits or declarations. He did not even muster reliable hearsay evidence. The Court's analysis is therefore at an end, and Mr. Parker's objection is **OVERRULED**. His sentencing hearing will resume on Monday, April 1, 2024, at 3:00 p.m.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE